**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF GEORGIA**

**THOMASVILLE DIVISION**

| | | |
|---|---|---|
| **JACKIE HUMPHRIES,** | : | |
| | : | |
| **Claimant,** | : | |
| | : | |
| v. | : | **Case No.** |
| | : | **6:04-CV-43 (HL)** |
| **JO ANNE BARNHART,** | : | |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| | : | **SOCIAL SECURITY** |
| **Defendant.** | : | **APPEAL** |

# O R D E R

The Magistrate Judge's Report and Recommendation (Doc. 18) is hereby remanded with the instructions set forth below.

## I.   FACTS

Because the facts of this case are detailed in the Report and Recommendation (the "R&R") (Doc. 18), the Court shall not repeat them in full here. Instead, the Court shall identify only those facts necessary to explain its reasoning in this Order. With this limitation in mind, the relevant facts are as follows:

This is a Social Security appeal. Magistrate Judge G. Mallon Faircloth entered an R&R in this case on May 3, 2005. The R&R advised this Court to affirm the decision below and to enter judgment in favor of Defendant. Claimant filed Objections (Doc. 19) to the R&R. In her Objections Claimant raised for the first time the following issue:

> After this case was briefed, the Eleventh Circuit issued a decision holding that . . . "where a claimant had presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, [or] incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." . . . The ALJ here discusses the analysis of the state-agency non-examining doctors, but does not make the required findings herself.

(Objs. Plf. at 3; Doc. 19) (internal citation omitted). Due to a clerical error, judgment was entered in this case on July 8, 2005, (Doc. 21). The July 8, 2005, judgment was vacated by an Order entered on July 11, 2005.

## II.    ANALYSIS

In the recent case of Moore v. Barnhart, the Eleventh Circuit considered whether an ALJ's failure to complete a Psychiatric Review Technique Form ("PRTF"), or comply with the mode of analysis the form and its accompanying regulations dictate, was reversible error. 405 F.3d 1208, 1213 (11th Cir. 2005). In reaching its decision, the Eleventh Circuit explained that "agency regulations require the ALJ to use the 'special technique' dictated by the PRTF for evaluating mental impairments." Id. (citing 20 C.F.R. § 404.1520a-(a)). "This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: '[1] activities of daily living; [2] social functioning; [3] concentration, persistence, or pace; and [4] episodes of decompensation.'" Id. (citing 20 C.F.R. § 404.1520a-(c)(3-4)). The regulations also require the ALJ to incorporate the results of this technique into his or her findings and conclusions. Id. at 1213-14. (citing 20 C.F.R. § 404.1520a-(e)(2)).

Under the law set forth above, the Eleventh Circuit held that the Moore ALJ erred in not completing the PRTF or complying with its mode of analysis. 405 F.3d at 1214. Moreover, the Eleventh Circuit disagreed that remand was unnecessary, even though the defendant argued that "[remand] would require no more than the ALJ's rote completion of the PRTF." Id. The Eleventh Circuit emphasized that "the ALJ failed to even analyze or document [the claimant's] condition in two of the PRTF's functional areas: social functioning and prior episodes of decompensation," and this failure was not harmless error. Id. In reversing the district court's judgment, the Moore court held,

"[W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." Id.

Here, due to the timing of the Moore case and the disposition of the case here, Claimant raised this issue for the first time in her Objections to the Magistrate Judge's R&R. While the Court appreciates Claimant's submission of the most current authority, it is unfair for this Court to decide an issue raised for the first time in an Objection to the Magistrate Judge's R&R. Had this legal argument been raised earlier, Defendant would have had a meaningful opportunity to respond. She did not. Also, had this legal argument initially been submitted to the Magistrate Judge in a supplemental brief, he would have had the benefit of Defendant's and Claimant's legal insights when drafting his R&R. He did not. Further, while some district courts provide opportunities for a party to file a response to objections to a Magistrate Judge's R&R, the Court is aware of no such opportunity existing in this district. Consequently, Defendant has not been heard regarding this issue.

Moreover, when an issue is raised for the first time on appeal, generally, the issue is improper for review. Kelley v. Apfel, 185 F.3d 1211, 1215 (11th Cir. 1999) (refusing to consider social security issue not raised before ALJ or district court). However, the Supreme Court of the United States has held that a Social Security claimant's failure to raise an issue at the administrative level does not deprive a court of jurisdiction to consider the issue when it is raised for the first time during judicial proceedings. Sims v. Apfel, 530 U.S. 103, 107-12 (2000); Loudermilk v. Barnhart, 290 F.3d 1265, 1268 n.1 (11th Cir. 2002). Therefore, to allow a full and fair opportunity to hear both parties' arguments, this Court remands this case to the Magistrate Judge

for consideration of this solitary issue and whether the issue has any bearing on the other determinations made in the R&R.  Defendant shall submit, for the Magistrate Judge's consideration, her response, if any, to this issue no later than twenty (20) days after this Order is entered on the docket.

## III.   CONCLUSION

The R&R (Doc. 18) is remanded.  Defendant shall submit, for the Magistrate Judge's consideration, her response, if any, to the issue discussed above no later than twenty (20) days after this Order is entered on the docket.

**SO ORDERED**, this the 13th day of July, 2005.


 /s/ Hugh Lawson
**HUGH LAWSON**, Judge

jmb