**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| JACKIE HUMPHRIES, | * | |
| Claimant, | * | |
| vs. | * | CASE NO.  6:04-CV-43 (HL) |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |
| _____ | * | |

**ADDENDUM TO REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits on June 25, 2004.  The Claimant then appealed the Commissioner's finding, and on May 3, 2005, A Report and Recommendation was filed, recommending affirmation of the Commissioner's decision.  On May 17, 2005, the Claimant filed her Objections to the Recommendation.  She argued, in relevant part, that the recent holding by the Eleventh Circuit in *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005), required remand because the ALJ failed to complete a Psychiatric Review Technique Form (PRTF).  The Court, thereafter, vacated its adoption of the Recommendation, gave the Commissioner an opportunity to respond to the Claimant's new contention and remanded the case solely to address that issue.

*Moore v. Barnhart* states that "[W]here a Claimant has presented a colorable claim

of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, **or** incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." 405 F.3d 1208, 1214 (11th Cir. 2005) (emphasis added). The court found that an ALJ is required to complete the PRTF or incorporate his analysis of the effect of her mental impairment on the four functional areas of: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id; See also* 20 C.F.R. § 404.1520a-(c). Because the *Moore* ALJ failed to analyze two of the functional areas, social functioning and episodes of decompensation, remand was required.

In Humphries' case, the ALJ did analyze and incorporate the PRTF's mode of analysis into his decision, even though he did not complete a PRTF. He referred to PRTF's completed by the state agency consultants and incorporated his analysis of those into his findings. (R- 163, 204). The Commissioner notes that the psychological review forms completed by the state agency consultants found no episodes of decompensation in her Response to the Claimant's Objections. However, the ALJ failed to mention that fourth area of functioning in his decision, or to state how this relevant functional area impacted his final determination. Based on the narrow holding in *Moore*, remand is required.

**WHEREFORE**, it is the recommendation to the United States District Judge that, as to the sole determination of the ALJ's finding as to any episodes of decompensation, based on the PRTF's completed by the state agency consultants, the decision of the defendant

Commissioner of Social Security be **REMANDED** to address that one issue.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this Recommendation.

THIS the 28th Day of July, 2005.

                                          S/ G. MALLON FAIRCLOTH
                                          UNITED STATES MAGISTRATE JUDGE