**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | |
|---|---|
| **JACKIE HUMPHRIES,** : | |
| : | |
| **Claimant,** : | |
| : | |
| v. : | **CASE NO. 6:04-CV-43 (HL)** |
| : | |
| **JO ANNE B. BARNHART,** : | |
| **COMMISSIONER OF SOCIAL** : | |
| **SECURITY,** : | |
| : | SOCIAL SECURITY APPEAL |
| **Defendant.** : | |

**O R D E R**

Before the Court is a Report and Recommendation (Doc. 18) and an Addendum to the Report and Recommendation (Doc. 26) from United States Magistrate Judge G. Mallon Faircloth.[1] The Magistrate Judge recommends the Court remand the matter to the Social Security Administration to address whether the Administrative Law Judge ("ALJ") considered any episodes of decompensation in reaching her conclusion. Plaintiff has filed separate objections to both the recommendation and the addendum. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objections and has made a *de novo* determination of the portions of the recommendation and addendum to which Plaintiff objects. For the reasons stated below, the original recommendation is accepted, the addendum is

---

[1] The Court vacated the previous Order adopting Magistrate Judge Faircloth's Recommendation as a result of granting Plaintiff's Motion for Reconsideration. This order is a substitution for the vacated order and includes necessary modifications.

rejected, and the decision of the Commissioner of Social Security is affirmed.

Plaintiff raises four objections to the recommendation and addendum: (1) the ALJ failed to find her disabled under Listing 12.05(c), (2) the ALJ improperly discounted the opinions of her treating physicians, (3) the ALJ's residual functional capacity ("RFC") finding improperly relied only upon the opinions of non-examining doctors, and (4) the ALJ failed to complete a Psychiatric Review Technique Form (PRTF) or incorporate its mode of analysis into her decision.[2]  As the facts of the case are set out in detail in the recommendation, the Court will not repeat them here.

Plaintiff first argues that a finding of disability under Listing 12.05(c) is presumed, under Hodges v. Barnhart, 276 F.3d 1265 (11th Cir. 2001), when a claimant proves a valid IQ score of 60 to70 and any other impairment.  Although the United States Court of Appeals for the Eleventh Circuit, in Hodges, did hold that a showing of mental impairments after age twenty-two created a presumption of mental impairments prior to age twenty-two, the present case does not involve such evidence.  Id. at 1268-69.  In Hodges, a claimant presented sufficient evidence of mental impairment after age twenty-two, yet could not produce any evidence of mental impairment prior to turning age twenty-two.  Id. at 1268.  Because the relevant listing specifically requires evidence demonstrating impairment prior to age twenty-two, the ALJ in the case denied the claim.  Id.  On appeal, the Eleventh Circuit, held that because one's IQ is

---

[2]Plaintiff also objects to the limited scope of the remand recommended by the Magistrate Judge. Because the Court affirms the Commissioner's decision and concludes that a remand is not required, the Court will not address those objections.

presumed to remain constant, mental impairment prior to age twenty-two is presumed when evidence is offered showing mental impairment after age twenty-two. Id. at 1268-69. The Hodges court does not, as Plaintiff suggests, hold that a showing of a valid IQ score of 60 to 70 and any other impairment creates a presumption of disability. Thus, Plaintiff's reliance on the Hodges decision is flawed.

Plaintiff then argues that a finding of disability was required in her case because the ALJ accepted all evidence that was required to meet this listing. Even a cursory examination of the ALJ's decision reveals the error in Plaintiff's argument. To meet the requirements of Listing 12.05(c) three elements must be established: (1) a claimant's mental impairment must satisfy the diagnostic description in the introductory paragraph, (2) the claimant must have an IQ score of 60 through 70, and (3) the claimant must have another mental or physical impairment that independently imposes a significant work-related limitation of function. See 20 C.F.R. Pt.404, Subpt. P, App. 1, §12.05(c) (2005). Here, the Plaintiff claims that because the ALJ accepted Plaintiff's IQ score and classified Plaintiff's other impairments as severe, all evidence necessary to meet the listing was accepted. Yet, the acceptance of her IQ score and the classification of her other impairments as severe is insufficient to establish that her mental impairment satisfies the diagnostic description in the introductory paragraph. Thus, contrary to Plaintiff's assertion, the ALJ did not accept all the necessary evidence required to meet Listing 12.05(c).

Plaintiff also argues that the ALJ's findings are incompatible because the ALJ accepted Plaintiff's IQ score, yet ignored testimony by a vocational expert that such scores would prevent

Plaintiff from doing the jobs the ALJ ultimately found her able to preform. Plaintiff's assertion misstates the record. In the hearing the ALJ asked the vocational expert whether an individual with a valid IQ score below 70 would be able to preform certain jobs that the vocational expert had previously described. (R. 352.) The ALJ specifically asked if any of the previously mentioned jobs would be precluded. (R. 352.) The vocational expert said, "[M]y answer would be no, he could do the jobs that I've mentioned." (R. 352.) Accordingly, because the vocational expert expressly states that an individual with an IQ of 70 or lower *would be able* to perform the specifically mentioned jobs, Plaintiff's argument is without merit.

Plaintiff's second objection is that the ALJ improperly discounted the opinions of her treating physicians. For reasons more fully stated in the Magistrate Judge's recommendation, Plaintiff's argument is without merit. An ALJ can reject the opinion of any physician if other medical evidence supports a different conclusion. See Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Here, the ALJ showed good cause for discounting the opinions of Plaintiff's treating physicians, finding that the opinions were not based on recent medical records. (R. 20.) The ALJ noted that the questioned opinions were made before Plaintiff retired from her job, received treatment and resumed all physical activity. (R. 20.) Thus, because the ALJ rejected the doctors' opinions because the evidence contradicted their assertions, the ALJ did not improperly discount the opinions of Plaintiff's treating physicians.

Plaintiff's third objection is that the ALJ's RFC finding improperly relied only upon the opinions of non-examining doctors. Contrary to Plaintiff's assertions the ALJ's RFC finding

did not rely only upon the opinion of non-examining doctors. The ALJ based her opinion on Plaintiff's testimony and medical opinions by both treating and non-examining physicians. (R. 20-23.) In fact, the ALJ specifically noted that the value of the non-examining doctors' opinions was given less weight because the doctors were not aware of all medical evidence in the case. (R. 23.) Accordingly, the ALJ did not improperly rely upon the opinions of non-examining doctors.

Plaintiff's final objection concerns the issue the Court directed the Magistrate Judge to consider on remand. Plaintiff initially argues that her case should be remanded because the ALJ neglected to follow appropriate regulations by failing to include a specific finding as to the degree of limitation in each area. A PRTF consists of separate evaluations on how a claimant's mental impairment impacts activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Although regulations promulgated by the Social Security Administration do not require an ALJ to complete a PRTF, they do require an ALJ to include in his or her decision "a specific finding as to the degree of limitation in each of the functional areas." 20 C.F.R. § 404.1520a(e)(2) (2005). In the present case, the ALJ did include a specific finding in three of the PRTF areas, but failed to mention that there were no episodes of decompensation. Accordingly, the ALJ failed to comply with the specific requirements set forth in the regulation.

Given the facts of this case, however, this is harmless error. The finding the ALJ failed to specifically include in her written decision is that Plaintiff has had no episodes of

decompensation. According to the ALJ's decision, she considered the mental limitations listed on two separate forms, completed by state agencies using the PRTF method. These forms included the finding that Plaintiff had suffered no episodes of decompensation. The ALJ's only error was failing to note in her written opinion that Plaintiff had not had any episodes of decompensation. Plaintiff does not allege that ALJ failed to consider or incorrectly determine that she had suffered no episodes of decompensation; Plaintiff merely complains that the ALJ did not write all appropriate findings in the decision. Accordingly, remanding this case just to require the ALJ to insert empty words into her decision would change none of the ALJ's findings, serve no purpose, and waste judicial and administrative resources. See Cartwright v. Heckler, 735 F.2d 1289 (11th Cir. 1984) (holding an ALJ's mechanistic use of age grids, absent claimant's assertion of an inability to adapt, was harmless error); Diorio v. Heckler, 721 F.2d 726 (11th Cir. 1983) (holding an ALJ's erroneous consideration of a job plaintiff held more than fifteen years earlier was harmless error because the consideration did not change the ALJ's conclusion).

Plaintiff argues, in the alternative, that the Eleventh Circuit's opinion in Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005), *requires* remanding the case back to the ALJ for further determination. In Moore, the court held, "[W]here a Claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." Id. at 1214. In Moore, the ALJ did not analyze or document

the claimant's condition in two of the four PRTF areas. Id. In response to the Commissioner's argument that the ALJ's error was harmless, the court stated, "Because the ALJ's decision lacks consideration of these [two] factors and their impact on his ultimate conclusion as to [the claimant's] RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless." Id. Further, the court refused to consider the ALJ's findings in claimant's prior claim, which complied with the PRTF method and regulations, explaining that the claimant alleged that her condition had deteriorated subsequent to that prior claim. Id. Therefore, remand is only required if an ALJ neither attaches a PRTF to his or her decision nor "incorporate[s] the results of [the PRTF] technique into the findings and conclusions" of his or her decision. Id. at 1213-14.

In the present case, although the ALJ did not attach a PRTF to her decision, she did consider and incorporate the results of the PRTF technique. During the initial review process, Plaintiff was examined by state agency psychological consultants who used the four-part technique set out in the PRTF. (R. 163, 240.) On August 31, 2000, Plaintiff was evaluated under Listing 12.02, and on May, 5, 2001, Plaintiff was evaluated under Listings 12.02 and 12.04. (R. 163, 240.) These consultant-completed forms employed the identical mode of analysis that is found on a PRTF. (R. 163, 240.) The August 31st form shows the following limitation findings: no restriction of daily living activities, no difficulties in maintaining social function, moderate deficiencies in maintaining concentration, and no episodes of deterioration. (R. 163.) The May 5th form is identical but for the degree of limitation found in the area of daily

living activities; it shows mild rather than none. (R. 240.) Because the forms completed by the state consultants specifically utilize a technique that is identical in every way to that used in the PRTF, the findings on those forms represent results of the PRTF's mode of analysis.

In her decision the ALJ states:

> I have also considered the mental limitations imposed by the Disability Adjudication Section psychological consultants who evaluated the claimant under Sections 12.02 and 12.04 of the mental listings, and concluded she had "mild" limitation of activities of daily living, "no limitation in maintaining social functioning, and "moderate" difficulties in maintaining concentration, persistence and pace.

(R. 23.) The ALJ then states, based on the medical evidence of record, that Plaintiff is limited by her ability to understand, remember, and carry out more than simple instructions. (R. 23.) The language of the decision makes clear that the ALJ considered the limitations found on the state-completed forms. The ALJ specifically identifies the forms and affirmatively states that she is considering the limitations contained on those forms in making her decision. Further, the ALJ consolidates the findings of both reports and specifically cites certain, although not all, limitations found on those referenced forms. Accordingly, the ALJ incorporated the PRTF's mode of analysis into her findings and conclusions.

The Magistrate Judge bases his contrary recommendation on a narrower reading of the holding in <u>Moore</u>. The Magistrate Judge finds that remand is required because the ALJ does not explicitly state, in her opinion, that the claimant has had no episodes of decompensation. The ALJ did, however, specifically discuss both forms completed by the state and indicated that the limitations found in those forms contributed to her decision. Requiring the ALJ to explicitly

mention each finding listed on every form that she uses in reaching her decision, especially when the finding in question would not change the outcome, significantly expands the court's holding in <u>Moore</u>.  The <u>Moore</u> court left ALJs two options: either complete and attach the PRTF or incorporate its mode of analysis into the decision.  To require such detailed recitation of all the findings indicated on a PRFT, or a similar form employing the same technique, would essentially ignore the second option the court left open in <u>Moore</u>.  For, if an ALJ was required to recite all PRTF findings in his or her decision, the ALJ would essentially always have to complete a PRTF either by filling out the actual form or by copying the form word for word into the text of the decision.  Such a narrow interpretation of the court's instruction in <u>Moore</u>, to incorporate the PRTF mode of analysis, is not warranted.

In conclusion, for the reasons set forth above, the Magistrate Judge's original recommendation is accepted, the addendum is rejected, and the decision of the Commissioner of Social Security is affirmed.

So ordered, this the 4th day of November, 2005.

**/s/ Hugh Lawson**
HUGH LAWSON, Judge

scs